**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GREGORY LATRELL GIVENS, | No. 4:20-CV-00898 |
| Petitioner, | (Judge Brann) |
| v. | |
| S. SPAULDING, USP LEWISBURG, | |
| Respondent. | |

**MEMORANDUM OPINION**

**JULY 16, 2020**

Petitioner Gregory Latrell Givens ("Givens"), a federal prisoner incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant 28 U.S.C. § 2241, on June 3, 2020,  and a Supplement and Memorandum of Law, challenging his 262 months' sentence of imprisonment imposed on July 19, 2013, by the United States District Court for the Northern District of Iowa.[1]  Givens represents that he was sentenced pursuant to the Fair Sentencing Act of 2010, and seeks a reduction of his sentence and release from custody in accordance with the First Step Act of 2018.[2]

For the reasons set forth below, the petition will be summarily dismissed.

---

[1]   Docs. 1, 5; *United States v. Givens*, 763 F.3d 987, 988 (8th Cir. 2014).

[2]    Doc. 1, pp. 1, 6.

## I.      PRELIMINARY REVIEW STANDARD

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[3] The provisions of Rule 4, which are applicable to § 2241 petitions under Rule 1(b), provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . ." [4]

## II.     BACKGROUND

On April 7, 2020, Givens filed a "motion to reduce sentence" in the sentencing court.[5]  The sentencing court set forth the following procedural background in an April 27, 2020 Memorandum, Opinion, and Order:

> On October 3, 2012, a grand jury returned a two-count Indictment (docket no. 2), charging Givens with being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and possessing crack cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 851. On May 22, 2013, a jury found him guilty of both counts. (docket no. 83).  On July 29, 2013, the court sentenced Givens to 262 months' imprisonment. (docket nos. 132,

---

[3]    28 U.S.C. foll. § 2254 (2004).

[4]    *Gorko v. Holt*, Civ. No. 4:05-CV-956, 2005 WL 1138479 *1 (M.D. Pa. May 13, 2005) (McClure, J.)(quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) ).

[5]    *See* electronic docket, iand-ecf.sso.dcn, *United States v. Givens*, No. CR12-0055-LRR, Doc. 198.

133). Givens appealed, and that appeal was denied by the Eighth Circuit Court of Appeals. *United States v. Givens*, 763 F.3d 987, 988 (8th Cir. 2014). A petition for writ of certiorari was denied by the Supreme Court on March 12, 2015.  *See Givens v. United States*, 135 S. Ct. 1520 (2015).  Givens then filed a motion pursuant to 28 U.S.C. § 2255, which was denied by the court on May 10, 2016. (C16-0005-LRR, docket no. 10). Givens appealed, and that appeal was denied by the Eighth Circuit Court of Appeals on July 3, 2017. (C16-0005-LRR, docket no. 22). While that case was pending, Givens filed a second motion pursuant to 28 U.S.C. § 2255 on May 19, 2016. (C16-0096-LRR, docket no. 1). The court denied that motion on March 8, 2017. (C16-0096-LRR, docket no. 5).  Givens then filed a third motion pursuant to 28 U.S.C. § 2255, without leave of the Eighth Circuit Court of Appeals, on July 25, 2017. (C17-0085-LRR, docket no. 1).  The court denied that motion on August 8, 2017. (C17-0085-LRR, docket no. 3).  Givens appealed, and that appeal was denied by the Eighth Circuit Court of Appeals on December 13, 2017. (C17-0085-LRR, docket no. 9). Givens filed a fourth 28 U.S.C. § 2255 motion, again without leave, on July 2, 2018. (C18-0068-LRR, docket no. 1). The court denied that motion, and Givens filed another futile appeal. (C18-0068-LRR, docket no. 18). While that case was pending, Givens filed a motion pursuant to 28 U.S.C. § 2241, which was denied in the district in which he was incarcerated. *Givens v. United States*, No. 4:18-CV-993, 2018 WL 2718039, at *1 (M.D. Pa. June 6, 2018). Both during and after the pendency of the cases listed above, Givens filed several motions to reduce his sentence, motions to reconsider, and appeals, which were each denied. (*See e.g.* docket nos.183, 187, 189, 191, 197).

In the present motion (docket no. 198), Givens cites 18 U.S.C. § 3742 (the statute that gives criminal defendants the right to appeal criminal sentences generally) and argues that his sentence is unconstitutional. However, Givens cites no law that would give the court authority to reexamine his sentence seven years after it was imposed.  Rather, the type of argument Givens is attempting to make can only be made in the context of a properly brought 28 U.S.C. § 2255 motion. To file such a motion, Givens would need, first, to get permission from the Eighth Circuit Court of Appeals. *See* 28 U.S.C. 2255(h). Givens has been told about the requirements of § 2255(h) repeatedly in the cases cited above. Accordingly, his motion (docket no. 198) is denied.

Additionally, Givens is put on notice that the court will not tolerate any further frivolous motions or cases filed by him.  If Givens files any additional motions or cases that the court deems frivolous, he will be required to show cause why he should not be sanctioned. *See United States v. Akers*, 561 F. App'x 769, 771 (10th Cir. 2014) (unpublished), stating:

> Federal courts have the inherent power and discretion "to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). There is "strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013) (internal quotation marks omitted). "Concomitant with the restrictions available to the district court, however, there must be some guidelines as to what [the restricted party] must do to obtain the court's permission to file an action." *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir.1989). And the party who faces restrictions "is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.*

Sanctions may include monetary penalties and restrictions on filings.[6]

On June 3, 2020, Givens filed the instant petition seeking a sentence reduction and release pursuant to the First Step Act of 2018.

## III.   DISCUSSION

When challenging the validity of a federal sentence and not its execution, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to

---

[6]  *United States v. Givens*, No. CR12-0055-LRR, 2020 WL 1865855, at *2 (N.D. Iowa Apr. 14, 2020).

28 U.S.C. § 2255.[7]  A federal prisoner must file a § 2255 motion in the sentencing court, "a court already familiar with the facts of the case."[8] A challenge can only be brought under § 2241 if "it ... appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention."[9]  This language in § 2255, known as the safety-valve clause, must be strictly construed.[10]  Significantly, "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative."[11] "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."[12]

> Our Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision and our own precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. *Tyler*, 732 F.3d

---

[7]   *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *Russell v. Martinez*, 325 F. App'x. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").

[8]   *See Boumediene v. Bush*, 553 U.S. 723, 774-75 (2008)*; Russell v. Martinez*, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence")

[9]   28 U.S.C. § 2255(e).

[10]   *Dorsainvil*, 119 F.3d at 251; *Russell*, 325 F. App'x. at 47 (stating the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

[11]   *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002).

[12]   *Id.* at 539.

at 246 (quoting *Dorsainvil*, 119 F.3d at 252). And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." *Id.* Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *Dorsainvil*, 119 F.3d at 251. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued."[13]

Givens has not alleged actual innocence based on a change in statutory interpretation by the Supreme Court, made retroactive in cases on collateral review. And his claim is not premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his conviction is no longer valid. Significantly, sentencing claims "[do] not fall within the purview of the savings clause."[14] Givens fails to meet his burden of demonstrating that § 2255 is inadequate or ineffective the challenge the legality of his detention. Thus, the Court will dismiss the § 2241 petition for lack of jurisdiction.

---

[13]  *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017).

[14]  *See Adderly v. Zickefoose*, 459 F. App'x 73, 75 (3d Cir. 2012); *Pearson v. Warden Canaan USP*, 685 F. App'x 93, 96 (3d Cir. 2017) ( stating "§ 2241 is not available for an intervening change in the sentencing laws.").

6

## IV.   CONCLUSION

Based on the foregoing, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed for lack of jurisdiction without prejudice to Givens' right to file a § 2255 motion in the sentencing court, subject to the pre-authorization requirements set forth in 28 U.S.C. §§ 2244 and 2255(h), as they may apply.[15]

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[15] It does not appear that Givens has sought relief in the sentencing court pursuant to the First Step Act of 2018, or sought authorization from the appropriate court of appeals to file a second or successive § 2255 motion.